UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LADONIA H.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**DECISION AND ORDER**
17-CV-1148S

Plaintiff Ladonia H.[1] is a prevailing party in this social security benefits action. Presently before this Court is Plaintiff's counsel's timely[2] motion for attorney fees under 42 U.S.C. § 406 (b)(1)(A).  (Docket No. 15.)  Defendant does not oppose the motion but suggests that counsel's request may constitute a windfall since it amounts to a *de facto* rate of $1,300 per hour.  (Docket No. 17.)

District courts are empowered by statute to determine and award a reasonable fee not to exceed 25% of total past-due benefits to an attorney who secures a favorable judgment for a claimant in a social security case in federal court.  See 42 U.S.C. § 406 (b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789, 794, 1122 S. Ct. 1817, 152 L. Ed. 2d 996

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

[2] The United States Court of Appeals for the Second Circuit has clarified that § 406 (b) motions must be filed within 14 days after the claimant receives notice of the Commissioner's favorable award on remand, consistent with Rule 54 (d)(2)(B) of the Federal Rules of Civil Procedure and equitable tolling principles.  See Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019); see also Rule 5.5 (g) of the Local Rules of Civil Procedure for the Western District of New York.

(2002) ("§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."). This fee authority "does not displace contingent-fee agreements" but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807. Assessing reasonableness "begin[s] with the [contingent fee] agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

Multiple factors inform the reasonableness analysis. Courts initially consider whether the contingency percentage falls within the 25% cap and whether the agreement is the product of fraud or overreaching by counsel. See Wells, 907 F.2d at 372; Long v. Comm'r of Soc. Sec., No. 18 Civ. 1146, 2020 WL 6545904, at *2 (E.D.N.Y. Nov. 6, 2020). Three additional factors are then considered: (1) whether the requested fee is consistent with the character of the representation and the results achieved, (2) whether counsel sought to increase his or her fee by delaying the proceedings to allow additional benefits to accumulate, and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called "windfall factor." See Abbey v. Berryhill, No. 6:17-CV-6430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (citing Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

Here, the Social Security Administration awarded Plaintiff past-due benefits by letter dated July 11, 2020. (Docket No. 15-4.) The agency withheld $22,598.50 for attorney fees, representing 25% of the past-due benefits. Id. Plaintiff's counsel seeks

2

$8,450 in attorney fees, consistent with the contingency-fee agreement that provides for attorney fees not to exceed 25% of any recovery.  (Docket No. 15-5.)

Counsel's request falls within the 25% cap, and there is no indication that the contingency agreement between counsel and Plaintiff was the product of fraud or overreaching.  There is further no indication of unwarranted or self-interested delay, and counsel's request is consistent with the character of representation and the favorable results achieved—an award of future benefits and $90,394 in past-due benefits.  The only issue is whether granting counsel's request would amount to a windfall, particularly given that the request amounts to a *de facto* hourly rate of $1,300.

In assessing whether a requested fee would constitute a windfall, courts consider whether counsel achieved particularly good results for the claimant; whether counsel expended effort beyond boilerplate submissions, such as in briefing material issues of fact or particular legal issues; and whether counsel handled the case efficiently due to his or her experience in handling social security cases.  See Wargo v. Colvin, 11-CV-1100S, 2016 WL 787960, at *2 (W.D.N.Y. 2016) (citing Joslyn, 389 F. Supp. 2d at 457).

There is no question that counsel here obtained a particularly good result for Plaintiff or that his experience handling social security cases allowed him to resolve this case efficiently.  But the manner in which this case resolved—by stipulation before any merits briefing or appearances before this Court—requires closer examination of the fee request, because when a *de facto* hourly rate is disproportionate to the work performed, a reduction may be required to ensure the reasonableness of the fee award.  See, e.g., Plum v. Comm'r of Soc. Sec., 6:18-CV-6127 (CJS); 2020 WL 1846785, at *5 (W.D.N.Y.

3

Apr. 13, 2020) (reducing fee request in case resolved by stipulation); Heffernan v. Astrue, 87 F. Supp. 3d 351, 356 (E.D.N.Y. 2015) (reducing fee request "in light of the relatively modest amount of work undertaken by [counsel] in connection with his representation of the Plaintiff before this Court"); Devenish v. Astrue, 85 F. Supp. 3d 634, 637 (E.D.N.Y. 2015) (reducing fee request where counsel "though successful, did not prepare any memorandum of law in support of his complaint or advance any legal arguments because the ALJ's denial of the Plaintiff's benefits claim was vacated and remanded to the SSA by stipulation of the parties"); Whittico v. Colvin, No. 5:09-CV-907 FJS/DRH, 2014 WL 1608671, at *6 (N.D.N.Y. Apr. 22, 2014) (reducing fee request where counsel's work was "minimal and, primarily, routine in nature . . . He did not file a legal brief in this case regarding the merits of Plaintiff's claims because the Court, as a result of the parties' stipulation, remanded this case pursuant to sentence six of § 405 (g)").

Plaintiff filed her complaint on November 8, 2017, together with a motion to proceed *in forma pauperis*. (Docket Nos. 1, 2.) The Commissioner filed the administrative record on April 6, 2018, and counsel stipulated to a sentence-four remand that same day. (Docket Nos. 7, 8.) Four days later, this Court remanded the case to the Commissioner based on the parties' stipulation. (Docket Nos. 9, 10.) Plaintiff then moved for EAJA fees[3] on May 11, 2018, which similarly resolved by way of stipulation on May 24, 2018. (Docket Nos. 11, 13, 14.)

Counsel seeks $8,450 for 6.5 hours' worth of work, which principally involved reviewing standard documents and preparing the complaint and EAJA fee request.

---

3 Referring to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d).

4

(Declaration of Kenneth R. Hiller, Docket No. 15-2, ¶ 18.)  Again, this amounts to a *de facto* hourly rate of $1,300.  Given the nature and minimal amount of work involved, this Court finds that granting counsel's request would result in a windfall.

As was the case in Whittico, counsel's work was minimal and routine; no non-routine substantive work was performed, such as merits briefing, oral argument, or the like.  Moreover, counsel's hourly rate for non-contingency cases is $350 per hour, id. at 21, making the *de facto* hourly rate of $1,300 nearly four times counsel's hourly rate. See Gisbrecht, 535 U.S. at 808 (suggesting that the time expended by counsel and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the [contingency] fee agreement").  Further, other courts in this circuit have generally found fee awards involving *de facto* hourly rates of even *less than* $1,300 to be windfalls.  See Mohammed v. Comm'r of Soc. Sec., 17 CV 4892 (WFK)(RML), 2020 WL 6370239, at *2 (E.D.N.Y. July 22, 2020) (collecting cases).

But that is not to say that counsel is due a fee based only on his non-contingent hourly rate.  Plaintiff's entry into a contingency agreement evidences "the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of non-payment."  Wells, 907 F.2d at 371.  Counsel should therefore be adequately compensated for both his work on the case and the inherent risk in undertaking contingency-based representation.  See Heffernan, 87 F. Supp. 3d at 357. The fee award should also satisfy the goal of ensuring that claimants have qualified

attorneys willing to represent them in social security appeals.  See Devenish, 85 F. Supp. 3d at 638.

In this Court's view, a fee award of $3,900 (a $600 *de facto* hourly rate) is reasonable and sufficiently serves the above considerations.  See Bate v. Berryhill, No. 18 Civ. 1229, 2020 WL 728784, at *2 (S.D.N.Y. Feb. 13, 2020) (noting that courts are ultimately tasked with "balanc[ing] the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated and continue litigating disability benefits cases." (citations omitted).)  By stipulation approved and ordered on May 30, 2018, this Court previously awarded counsel $1,201 in EAJA fees.  (Docket No. 13.)  Because the fee granted herein exceeds the EAJA fee, Plaintiff's counsel must refund the $1,201 EAJA fee to Plaintiff and will therefore be directed to do so.  See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).

IT HEREBY IS ORDERED, that counsel's Motion for Attorney Fees (Docket No. 15) is GRANTED in the amount of $3,900 under 42 U.S.C. § 406 (b)(1)(A).

FURTHER, that Plaintiff's counsel is directed to refund to Plaintiff the $1,201 EAJA award within 14 days after receiving the § 406 (b) award.

SO ORDERED.

Dated:   February 22, 2021
         Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge